UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GARLAND RAY GREGORY JR.,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>DANIEL SULLIVAN, WARDEN, STATE PENITENTIARY; AND JASON RAVNSBORG, ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA;[1]<br><br>　　　　　　Respondents. | 5:84-CV-05133-JLV<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Pending before the court is Petitioner Garland Ray Gregory, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4).[2] The case was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Chief Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

---

[1] Daniel Sullivan became the Warden for the State of South Dakota on December 13, 2021. Jason Ravnsborg became the Attorney General for the State of South Dakota on January 5, 2019. Pursuant to Fed.R.Civ.P. 25(d), they are automatically substituted as the named Respondents.

[2] Mr. Gregory actually captions his action as a motion for relief pursuant to Fed.R.Civ.P. 60(b). However, the relief requested must be interpreted as a petition for relief under 28 U.S.C. § 2254. "Prisoners cannot avoid the . . . rules [governing federal post-conviction remedies] by inventive captioning . . . [T]he name makes no difference. It is substance that controls." Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007).

1

## **PROCEDURAL HISTORY**

Petitioner Garland Ray Gregory, Jr. filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 24, 2021.  Mr. Gregory is an inmate at the Mike Durfee State Prison in Springfield, South Dakota, pursuant to a state court judgment of conviction.  Mr. Gregory again challenges his conviction arising from his guilty plea to conspiracy to commit murder.  After his sentencing, Mr. Gregory began a long series of attempts in both state and federal court to invalidate his conviction.  A detailed procedural history is outlined in this court's previous consideration of Mr. Gregory's earlier habeas petition regarding the same conviction.  Gregory v. Young, 4:13-cv-4069-KES (D.S.D. July 8, 2013) at Docket 6.  In the 2013 habeas action, the Eighth Circuit issued an order dismissing the appeal and denying Mr. Gregory's application for a certificate of appealability.  Id. at Doc. 19.

Now pending is Mr. Gregory's subsequent § 2254 petition in this court. (Doc. 4).  Mr. Gregory has made no showing that he received permission from the Eighth Circuit Court of Appeals to file a second or subsequent petition for a writ of habeas corpus as required by 28 U.S.C. § 2244(b)(3)(A).

## **DISCUSSION**

The filing of a second or subsequent petition for habeas relief by a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254, is sharply circumscribed:

> (b)    (1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

See 28 U.S.C. § 2244(b)(1) – (3) (emphasis supplied). If a § 2254 petition qualifies as a "second or successive" petition, the failure of a prisoner to first obtain the order of authorization from the appropriate appellate court deprives the district court of subject matter jurisdiction to hear the petition. See Burton v. Stewart, 549 U.S. 147, 157 (2007).

"[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). "The better practice if a petitioner mistakenly files a second or successive petition in the

3

district court is for the district court to transfer the petition pursuant to 28 U.S.C. § 1631 to the appellate court instead of dismissing." Estensen v. United States, 4:17-CV-04071-KES, 2017 WL 9292611, at *4 (D.S.D. Dec. 6, 2017) (citing Askew v. Bradshaw, 636 Fed. Appx. 342, 345 n.1 (6th Cir. 2016)).

In his pending petition, Mr. Gregory alleges the trial court lacked subject matter jurisdiction because the Information failed to allege the elements of the offense, and therefore, the judgment is void. (Doc. 8 at pp. 4-5). Mr. Gregory has previously raised this argument in his previous habeas actions. Mr. Gregory also alleges, as he alleged in previous habeas petitions, that he was not advised of the elements of the offenses. Id. at p. 5. Finally, Mr. Gregory also argues for what appears to be the first time that the 2005 amendment to SDCL 22-6-1(4) caps his sentence at fifty years, and therefore having served "in excess of the good-time (SDCL 24-5-1) discharge date of the 50-year sentence . . . the judgment has been satisfied. Id. at p. 7. Mr. Gregory must present his petition to the Eighth Circuit Court of Appeals to determine whether he has met the necessary qualifications under § 2244(b)(1)–(3) for second or successive petitions. Unless and until Mr. Gregory obtains permission from the Eighth Circuit to file his current claims, this court is without jurisdiction to consider them.

## **CONCLUSION**

Based on the foregoing reasons, it is respectfully recommended that Mr. Gregory's § 2254 petition (Doc. 4) be dismissed without prejudice, pending

permission from the Eighth Circuit Court of Appeals to file a second or successive § 2254 petition.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 9th day of February, 2022.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge