UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GARLAND RAY GREGORY, JR, <br><br> Petitioner, <br><br> vs. <br><br> DANIEL SULLIVAN, WARDEN; AND JASON RAVNSBORG, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, <br><br> Respondents. | 5:84-CV-05133-JLV <br><br><br> ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (DOC. 5) AND DENYING MOTION TO APPOINT COUNSEL (DOC. 7) |

Petitioner, Garland Ray Gregory, Jr, an inmate at the South Dakota Department of Corrections in the Mike Durfee State Prison in Springfield, South Dakota, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Gregory requests to proceed *in forma pauperis* (Doc. 5) and requests appointment of counsel. (Doc. 7). The matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Chief Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## DISCUSSION

This habeas corpus matter is pending pursuant to 28 U.S.C. § 2254. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal cases does not apply. Id.

1

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) and 8(c) of the Rules Governing Section 2254 and 2255 Cases.  18 U.S.C. § 3006A(a) provides:

> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who—
> . . .
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

Rules 6(a) and 8(c) provide:

> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary.  Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors."  Id.  Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."  Id.

In this case, it is unknown whether an evidentiary hearing will be held because the parties have yet to show whether the petition should be dismissed for untimeliness.  At this point, there are no facts or law appearing that would

2

support the court's discretionary appointment of counsel to represent Mr. Gregory. Should this change as the case develops, Mr. Gregory may file a motion to appoint counsel.

The court has reviewed Mr. Gregory's motion to proceed *in forma pauperis* and prisoner trust account report (Docs. 5, 6). Pursuant to the local rule for the District of South Dakota,

> If a habeas corpus petitioner desires to prosecute a petition in forma pauperis, the petitioner must file an application to proceed in forma pauperis on a form prescribed by the court (Motion to Proceed Without Prepayment of Fees and Declaration), accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit for the petitioner. If the petitioner has in excess of $25 on deposit, the petitioner must pay the filing fee to proceed with a 28 U.S.C. § 2241 or a 28 U.S.C. § 2254 case.

D.S.D. Civ. LR 83.8(B). Petitioner filed his Motion to Proceed in Forma Pauperis (Doc. 5) accompanied with a Prisoner Trust Account Report (Doc. 6) which has been signed by an authorized officer. Petitioner has a current balance of $33.87 and an average monthly balance of $39.72 in his prisoner trust account. Because Petitioner has in excess of $25 on deposit, as provided by D.S.D. Civ. LR 83.8(B), Petitioner's § 2254 habeas case cannot proceed until he pays the filing fee.

## **CONCLUSION**

Based on the foregoing reasons, it is hereby

ORDERED that Mr. Gregory's motion to appoint counsel (Doc. 7) is denied without prejudice. It is further

ORDERED that Mr. Gregory's motion to proceed *in forma pauperis* (Doc. 5) is denied without prejudice; and

ORDERED that Mr. Gregory pay the $5.00 filing fee on or by March 8, 2022, or his case will not proceed.

### **NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 9th day of February, 2022.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge

4